150 So. 290

**POTTS v. MOREHOUSE PARISH SCHOOL BOARD.**

No. 32239.

July 7, 1933.

Rehearing Denied Oct. 3, 1933.

Frank W. Hawthorne, Dist. Atty., of Bastrop, and J. B. Thornhill, Asst. Dist. Atty., of Monroe, for appellant.

Sholars & Gunby, of Monroe, and J. Martin Shevnin, of Alexandria, for appellee.

ROGERS, Justice.

J. E. Potts was employed as assistant superintendent of schools by the Morehouse parish school board for a term of seventeen and one-half months, beginning January 15, 1932, and ending June 30, 1933, at an annual salary of $3,000, payable at the rate of $250 per month. Plaintiff was discharged on July 14, 1932, before his term had expired, and this suit is for the balance of salary due under his contract of employment.

An exception of no cause or right of action was filed by defendant and overruled. Defendant then filed its answer, and plaintiff filed a plea of estoppel and motion to strike irrelevant and inconsistent allegations from the answer, which was sustained. Plaintiff next took a rule on defendant for judgment on the pleadings. Upon the trial of this rule, judgment was rendered in plaintiff's favor, and defendant appealed.

The authority for appointing an assistant superintendent is vested in parish school

boards by section 43 of Act No. 100 of 1922. The pertinent portion of the section reads as follows, viz.:

"The parish school boards shall have the authority to appoint such assistant superintendents, supervisors, stenographers, and bookkeepers as may be needed, and such attendance officers, medical directors, and such other appointees as may be necessary for the proper and efficient conduct of the schools, * * * and to fix their salaries and prescribe their duties."

On July 14, 1932, the defendant school board adopted a resolution rescinding plaintiff's contract and abolishing the office of assistant superintendent, after declaring that plaintiff's appointment should have been made only to the end of the current fiscal year; that the office was unnecessary, and there were no duties to be performed requiring an assistant superintendent; that there were no funds to be collected during the current fiscal year with which to pay the salary of such an officer, and no funds had been or would be budgeted for the office.

Each parish school board is authorized to employ a parish superintendent for a period of four years. Section 19 of Act No. 100 of 1922. And each parish school board is also authorized to employ teachers by the month and by the year and to fix their salaries. Section 20 of Act No. 100 of 1922. As to the other employees of parish school boards which the Legislature has authorized under section 43 of Act No. 100 of 1922, including assistant superintendents, no terms are fixed, and they may be employed as needed in the discretion of the boards.

The controlling question presented by the case is whether the defendant school board under a statutory provision authorizing it to employ an assistant superintendent as needed was empowered to fix by resolution the tenure of office of plaintiff as assistant superintendent at seventeen and one-half months and thereby divest itself of its discretionary power to terminate plaintiff's employment before the expiration of the term.

■ The universally accepted rule is that, where the tenure of the office is not prescribed by law, the power to remove is an incident to the power to appoint. The tenure not having been declared by law, the office is held during the pleasure of the authority making the appointment. 22 R. C. L. § 266, p. 562; 46 C. J. § 146, p. 985.

In Peters v. Bell, 51 La. Ann. 1621, 26 So. 442, 445, plaintiff sued to be reinstated in the office of assistant city engineer, from which he was removed by an order of the city engineer. The court found that the city engineer had the power to appoint his deputies, and held that, until the power was lodged elsewhere, he had the right to remove them. The court said: "When the officer is a deputy (employed by his principal) whose tenure of office was not fixed, in the absence of any statutory provision, the power to remove him was incidental to the power of appointment." The court then referred to and commented upon a number of decisions from other jurisdictions bearing upon the power of removal and upholding the principle that, where the tenure is not fixed by law, the office is held at the pleasure of the appointing authority.

In Ehret v. Police Jury, 136 La. 391, 67 So.

176, the police jury removed its secretary. The secretary sued for the balance of his salary, alleging he was employed for four years and was discharged without cause or ground of complaint after serving only five months. The court, quoting section 2743, subd. 11, of the Revised Statutes, held that the police jury was authorized to summarily remove any of its appointive officers. And the court said that the power of removal conferred by law entered as much into plaintiff's employment as did the power of appointment.

█ The implied power to remove cannot be contracted away so as to bind the appointing authority to retain a minor officer or employee for a definite, fixed period.

In Wright v. Gamble, 136 Ga. 376, 71 S. E. 795, 35 L. R. A. (N. S.) 866, Ann. Cas. 1912C, 372, the Supreme Court of Georgia held that, where the tenure of an office is not prescribed by law, the power to remove is an incident to the power to appoint. In such case the appointee holds at the pleasure of the appointing power, although it attempts to fix a definite term; and no formalities, such as the preferring of charges or the granting of a hearing to the incumbent, are necessary to the lawful exercise of the authority of removal. The court cites numerous authorities supporting the principle. Among these cases are State ex rel. Moore v. Archibald, 5 N. D. 359, 66 N. W. 234, 235, and Parsons v. Breed, 126 Ky. 759, 104 S. W. 766, 768.

In the Moore Case it was held: "The grant of power to appoint to public office, where no term of office is fixed by law, carries with it as an incident the absolute power of removal at any time, without notice or charges or a hearing, and without the cause for removal being inquired into by any court. Such power vested in a board cannot be limited by any action taken by such board, whether by appointing the officer for a fixed term, or by by-laws restricting the power of removal to cases where cause for removal exists."

In the Parsons Case it was held that, "where neither the Constitution nor statute fixes the term of office, the appointee holds at the pleasure of the appointing power, although it was attempted by the appointing power to fix a definite term."

In Peters v. Bell, 51 La. Ann. 1621, 26 So. 442, supra, this court cited with approval People v. Hill, 7 Cal. 102, holding that the power of removal cannot be divested or taken away, except by the term of the statute.

In the Ehret Case, supra, the court said that the law entered into the contract of employment, and the police jury had no capacity to avoid the law or abrogate its functions with respect either to the power of appointment or the power of removal. "If it were otherwise," said the court, "an incoming police jury might impose upon its successors in office a secretary who would be unacceptable to the new members and out of sympathy with the policy of the body."

In Kirkpatrick v. City of Monroe, 157 La. 645, 102 So. 822, the municipality contracted with plaintiff, an engineer, to plan and supervise the construction of extensions and improvements in its utilities and public works. The contract was for four years; the city

binding itself to pay plaintiff in monthly installments the amount stipulated. Plaintiff sued for the balance of the salary or wages which he would have earned had the contract not been breached by the defendant.

This court held that the contract was one ultra vires of the municipality; that the city council may employ persons to discharge certain duties as occasion arises, and create and appoint persons to fill minor offices deemed necessary for the proper administration of the city's affairs, but it also may discharge such employees and remove such officers at its pleasure.

Plaintiff argues that the Ehret and Kirkpatrick Cases are inapplicable here, because under the statutes involved in those cases the appointing authorities were expressly authorized to remove at their pleasure any officer or employee elected or appointed by them.

But, in our opinion, it makes no material difference that the statutes reviewed in those decisions expressly conferred upon the appointing authorities the unlimited power of removal which would otherwise have been conferred upon them by necessary implication. In either case, the legal principle is the same, although greater emphasis may be placed upon the legislative policy in the one case than in the other.

The legislative policy evidenced by section 43 of Act No. 100 of 1922 and deducible from its terms is that parish school boards shall be in a position to supervise and control its appointees, with a view to the proper and efficient conduct of the schools. For that reason, the Legislature provided that the appointment or employment of persons under the statutory provision should be as they were needed or as may be necessary. There was no intention on the part of the Legislature that a parish school board should tie its hands by a contract entered into possibly before the election of one or more of its members, but the intention was plainly that the board should at all times be unhampered in its supervision and control of such appointees.

The general public has the right to require a parish school board, whenever it shall deem it proper for the public interest, to remove one of its minor officers or employees. This power is conferred on the board for the public welfare, and the general public cannot be prejudiced by limitations of that power to which it has not consented and which it has not authorized the board to impose. If a parish school board may lawfully fix the term of an assistant superintendent at seventeen and one-half months, it may likewise fix his term at five years or ten years or even longer. If it could do this, it could deprive not only itself but also succeeding school boards of the specified power of appointment, of the incidental power of removal, and to this extent of the general supervision and control of the schools granted by the statute. We do not think such was the legislative intent.

In support of his contention that his contract with the defendant was valid, plaintiff cites certain decisions to the effect that, in the absence of statutory provisions a school board may contract with a superintendent or teacher for a period extending beyond the term of the board.

The cases referred to, in our opinion, are not pertinent to the issue presently before us. Superintendents and teachers are not in the same class as the appointees enumerated in section 43 of Act No. 100 of 1922. As we have hereinabove shown, the term for a parish superintendent is fixed at four years by section 19 of the statute; and, under section 20 of the statute, a parish school board may employ its teachers by the month or by the year. Section 43 of the statute does not fix any definite period of employment for the employees enumerated therein. It merely authorizes their employment as they may be needed. The statute leaves it within the discretion of parish school boards to determine when the services of such employees are needed and when they become unnecessary and should be dispensed with.

During the term of his alleged contract, plaintiff, no doubt, would have claimed the right to resign his position as assistant superintendent of the parish schools, if he had chosen to do so. And the defendant school board, we think, in its discretion, had the right to abolish the position and rescind the contract.

Our conclusion is that the exception of no cause of action is well-founded and it should be sustained. This conclusion makes it unnecessary for us to dispose of the plea of estoppel filed by plaintiff.

For the reasons assigned, the judgment appealed from is annulled; the exception of no cause of action is sustained; and plaintiff's suit is dismissed at his costs.