## NEWCHURCH v. ASCENSION PARISH SCHOOL BOARD.

### No. 1482.

Court of Appeal of Louisiana. First Circuit.
June 14, 1935.

Chas. T. Wortham, of Donaldsonville, for appellant.

George R. Blum, of Donaldsonville, for appellee.

ELLIOTT, Judge.

Leon Newchurch claims of the Ascension Parish School Board the sum of $1,800 with interest on account of an alleged breach of contract entered into between him and the board on December 10, 1933. The contract was entered into for the period of four years and had reference to the transportation of school children along a certain route to the high school at Donaldsonville. The consideration for the service was $100 a month for a school year of nine months.

The plaintiff alleges performance on his part without complaint and that the "School Board has fully ratified the said contract with plaintiff by duly accepting his services thereunder for two years and by paying him his agreed salary during said time." The $1,800 claimed by the plaintiff is for the last two years called for by the contract.

The defendant appeared and excepted to plaintiff's petition, urging as a defense against his suit a plea of res adjudicata, and, in the alternative and in case the plea of res adjudicata was overruled, it then urged as a further defense that plaintiff's petition set forth

no right or cause of action. The court sustained both exceptions. The plaintiff has appealed.

█ In order to act on the plea of res adjudicata it is necessary to consider the averments of the plaintiff in a previous suit entitled Leon Newchurch v. Ascension Parish School Board, No. 4176 on the docket of the district court, filed by him against the Ascension Parish School Board, and another party named C. Gonzales.

This previous petition alleges that the plaintiff, Newchurch, entered into a contract with the school board of the parish of Ascension, under which Newchurch obligated himself to furnish a school van, and to operate it in the transportation of school children along the van route from Cassard-Comeaux to Donaldsonville, and from point Houmas to Donaldsonville, for a period of four years; that for said work the school board obligated itself to pay him $100 a month for each school month during the four years. It is alleged that he performed the contract on his part without complaint for two years following date of contract; that the school board in employing him for said period of time acted with its power and authority; that the school board ratified the contract that had been entered into with him by paying him his salary for said work for a period of two years, except $300, which remains unpaid; that on the 28th of July, 1933, the school board by resolution authorized the employment of C. Gonzales to operate a school van upon the same routes and to transport the children along said routes to the high school at Donaldsonville, and refused to permit him to longer perform the contract, and refused to pay him the salary due him under the contract agreed on for the years 1933–1934; that the school board in refusing to permit him to perform the contract and in refusing to pay him his salary had violated the contract; that unless restrained by injunction, the said Gonzales, with the connivance and assistance of said school board, will at the opening of the school session on or about September 11, 1933, take possession of said position as driver and operator of the said van on said routes, and the school board will recognize him as the only one entitled to be paid for the performance of said function.

The prayer in his said petition, omitting averments not pertinent in the present controversy, "that * * * a writ of injunction issue herein restraining until hearing, the said Ascension Parish School Board from in any manner violating its said contract with plaintiff herein, and commanding the said School Board to carry out and perform its said contract with plaintiff." He further prayed that the school board be ordered to pay him $300 which the said school board owes him as aforesaid.

The court refused to grant the injunction, but the judgment rendered indicates that nothing further was done.

The only judgment rendered in said case is at the bottom of and concludes his reasons for refusing the injunction. It reads as follows: "The only questions before this court at this time are the exceptions filed by the defendants, and the court believing the same to be sufficient to render its judgment thereon, therefore sustains the exception of no cause and no right of action filed herein by the defendants. It is unnecessary to decide the other question. For the foregoing reasons it is ordered adjudged and decreed that plaintiff's application for a preliminary injunction herein be and the same is hereby denied. Plaintiff to pay all costs of these proceedings."

The object of suit No. 4176 was to obtain an injunction prohibiting the school board from violating its alleged contract, to compel the carrying out and performance of the contract for the balance of the time for which it was entered into, and to compel payment to him of $300 alleged to be a balance due him for the two years during which he had transported the children thereunder.

In acting on the exception of no right or cause of action, the court, in reasons for judgment, stated that the contract, in the opinion of the court, was illegal; that the petition did not set forth any right or cause of action under which the plaintiff was entitled to a specific performance and to an injunction, but went no further. The suit was not dismissed. Plaintiff's demand for $300 was not acted on, and the suit was left pending as to the $300 demanded by the plaintiff. The plaintiff applied to the Supreme Court for a writ of certiorari and mandamus. His petition to the Supreme Court is not before us, but we infer that it was for the purpose of compelling the lower court to order a specific performance of the contract and to grant an injunction on the ground that the averments of his petition entitled him to that relief.

The Supreme Court refused to grant the writs prayed for, and in refusing used the following language: "The petition for writs of certiorari and mandamus is denied on the ground that the ruling complained of is correct."

After this action by the Supreme Court, the plaintiff brought the present suit, in which he alleges a contract for four years and the breach as before; that it was performed by him for two years, commencing from the time it was entered into; that the school board fully ratified the said contract which the board entered into with him by accepting his services thereunder for two years, and by paying him his agreed salary for the said length of time.

There is no demand in the present suit for performance nor for injunction. The object is to recover the damages sustained as a result of the action of the school board in awarding the transportation to C. Gonzales for two years of the time it was awarded to him. The present suit is on an alleged active violation of a contract and based on the Civil Code, arts. 1930, 1931, 1934, etc. The first was based on the provisions of the Civil Code, arts. 1926, 1927, 1928, and 1929, which have for their purpose to compel performance of a legal contract.

The authority of the thing adjudged takes place only with respect to what was the object of the judgment, and the thing demanded must be the same. Civil Code, art. 2286.

The object of the former suit and the thing demanded, and the object of the present suit and the thing demanded are not the same and it therefore follows that the exception should have been overruled and that the judgment appealed from sustaining the exception was erroneous and must be set aside. As for the exception of no right or cause of action, the lower court ruled on it when there was no request for such a ruling.

Defendant's pleading on this subject is as follows: "Under full reservation of the foregoing exception and plea of res adjudicata, and only in case the same are overruled, then for further exception to plaintiff's petition exceptor says—plaintiff's petition discloses neither a right nor a cause of action. Wherefore exceptor prays that in the event that the court overrules the plea of res adjudicata herein above filed, then that this exception of no cause of action be sustained and plaintiff's suit dismissed at his cost." Exceptor prays that its plea of no cause of action be ruled on, only in case its plea of res adjudicata was not sustained. As the plea of res adjudicata was sustained, there was no plea of no right or cause of action before the court. But this matter is not urged in plaintiff's brief.

█ The reasons for the ruling of the lower court in the present case, in holding that the petition does not set forth a right and a cause of action, reduced to substance and effect, is, that it does not appear from the petition nor from the contract thereto annexed and made part of it that Larry J. Babin, secretary to the school board, was authorized to sign the contract with plaintiff for the furnishing and operation of a school van for the purpose of transporting children along routes and from points mentioned to the Donaldsonville High School for a period of four years.

It is alleged that the school board ratified the contract entered into by executing it and paying him the salary stipulated in the contract for the transportation of children under the contract for a period of two years.

"The confirmation, ratification, or voluntary execution in due form, and at the period fixed by law, involves a renunciation of the means and exceptions that might be opposed to the act, without prejudice, however, to the right of persons not parties to it." Civil Code, art. 2272.

Under this averment the plaintiff has a right to prove the ratification and voluntary execution. It may be done in various ways, to be acted on when the question comes before the court in proper form.

█ The lower court, in reasons advanced in support of the ruling, says in effect that the contract could not be entered into under the law for more than one year. The governing law on the subject is Act No. 100 of 1922, § 29, amended by Act No. 202 of 1928, which reads as follows: "That the Parish school board shall have the authority to provide transportation for children attending any school approved by the State Board of Education for children living more than two miles from a school of suitable grade." This provision contains no such limitation. It is urged in defendant's brief that the law limits contracts for the transportation of children to one year, and authorities are cited. The authorities have been examined, but we do not find that any of them support such a position.

We are satisfied that the petition sets forth a right and a cause of action and that the ruling of the lower court holding otherwise is erroneous. The ruling must therefore be set aside.

For the reasons stated, the judgment appealed from sustaining the exception of res adjudicata and also, and at the same time, that of no right or cause of action and dismissing plaintiff's suit on said account is annulled, avoided, and set aside and the said exception of res adjudicata and the said exception of no right or cause of action are both overruled

and the case is remanded to the lower court for further proceedings and as the law provides.

Defendant-appellee to pay the cost resulting from the two exceptions mentioned and the cost of appeal.

The remaining cost in the lower court to abide the final result of the suit.