## POOLE v. LA SALLE PARISH SCHOOL BOARD.

### No. 5711.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1938.

Rehearing Denied June 30, 1938.

Writ of Certiorari and Review Denied Aug. 5, 1938.

Cameron C. Minard, of Columbia, for appellant.

Harry Fuller, of Winnfield, for appellee.

DREW, Judge.

The lower court, in a well prepared opinion, has correctly stated the issues involved and has correctly determined the case. Its opinion is as follows and we adopt it as our own:

"James Coy Poole brings this suit against the LaSalle Parish School Board for $652.50 for damages sustained by him on an alleged breach of contract by the said School Board with him. He alleges that on the first day of July, 1935, he was employed by the said School Board and that at a regular meeting duly convened to transport children over a certain route in Ward 1 Aimoch school at a salary of $72.50 per month; that he and the said Parish School Board entered into a contract wherein he agreed to transport certain school children along a certain route to the Aimoch school and to deliver them back home, for $72.50 per month for a period of three years. That pursuant to said contract and agreement duly entered into by the said School Board and himself, he performed the services required of him in said contract for the session of 1935–1936, and also for the session of 1936–1937; that he rendered the services for these two years and was duly paid by the said School Board; that in July, 1937, the said School Board, without any cause, passed a resolution discharging him and employing another person to transport the children to and from Aimoch school.

"Plaintiff contends that in view of the three-year contract which he entered into with the said School Board, he was forced to buy a truck and equip same in a suitable condition to transfer the children to and from the said school; that he performed all of his services up to the time of his discharge with perfect and satisfactory compliance to the said Board, no complaint being alleged against the services rendered either by the School Board or by any of the patrons, and that since the School Board discharged him without cause and deprived him of the remuneration and compensation that he would have received for the additional time left of his contract, he was damaged in the sum of $652.50 and that the School Board by so acting had breached its contract, and for said breach he seeks to recover the aforementioned sum.

"Before answering, the defendant filed an exception of no right or cause of action. The only question of law presented in this exception is whether or not the LaSalle Parish School Board had legal authority to enter into a contract with the plaintiff and employ him for a period of three years as a driver of the school van to transport the children to and from Aimoch school. If they had such legal authority, then plaintiff's petition discloses a cause of action. If, on the other hand, they had no legal authority for such employment, the exception of no right or cause of action is good and, in such event, the plaintiff was holding the position as van driver at the pleasure of the Board.

"The question of the School Board's authority to fix by resolution the term of an appointee's incumbency was thoroughly discussed in Potts v. Morehouse Parish School Board, 177 La. 1103, 150 So. 290, 91 A.L.R. 1093.

"As stated, the plaintiff and the defendant, the LaSalle Parish School Board, entered into a written contract wherein the School Board employed the plaintiff for a period of three years to drive a school van for the purpose of transporting children to and from the Aimoch school in Ward 1 of LaSalle Parish. The services, as alleged, were performed satisfactorily to the Board for a period of two years and plaintiff was then discharged without reason. If the Board had any authority to employ plaintiff, it was under Section 43 of Act 100 of 1922. The pertinent portion of this section reads as follows:

" 'The parish school boards shall have the authority to appoint such assistant superintendents, supervisors, stenographers, and bookkeepers as may be needed, and such attendance officers, medical directors, and such other appointees as may be necessary for the proper and efficient conduct of the schools * * * and to fix their salaries and prescribe their duties.'

"The plaintiff would come under the head of that act 'such other appointees as may be necessary'. As in the Potts Case, the present School Board did not abolish the position of school van driver employed to transfer children to and from Aimoch school in Ward 1, but discharged the plaintiff in said capacity and employed another school van driver. In the Potts Case, the court held that each Parish School Board is authorized to employ parish superintendents for a period of four years, under Section 19 of Act 100 of 1922, and under Section 20 of said act, it could contract and employ teachers by the month or by the year. Under the section of the act which the plaintiff is employed, the question of time or term of employment is not mentioned in the act, and the Legislature seems not to have delegated to the School Board the authority to contract and employ any person necessary in the efficient conduct of the schools for any particular time except the parish superintendents and the teachers.

"In the Potts Case, the court held the universal accepted rule is that 'where the tenure of the office is not prescribed by law, the power to remove is an incident to the power to appoint. The tenure not having been declared by law, the office is held during the pleasure of the authority making the appointment.' Citing under there 22 R.C.L., § 264, p. 562, and 46 Corpus Juris, § 146, p. 985.

"In Ehret v. Police Jury, 136 La. 391, 67 So. 176, the court held:

"The police jury removed its secretary, the secretary sued for the balance of his salary, alleging that he was employed for four years and was discharged without cause or ground of complaint after serving five months. The court held that the police jury was authorized to summarily remove any of its appointive officers, and the court said: 'the power of removal' conferred by law 'entered as much into plaintiff's employment as it did the power of appointment.' The court further held the implied power to remove cannot be contracted away so as to bind the appointing authority to retain a minor officer or employ for a definite or fixed time. It also held: as the grant of power to appoint a public officer where no term of office is fixed by law carries with it as an incident the absolute power of removal at any time and without the cause for removal being inquired into by any court. Such power vested in a board cannot be limited by any action taken by said Board, whether by appointing the officer for a fixed term or by bylaws restricting the power of removal to cases where cause for removal exist.

"In the present case, the contract is what is termed a mixed contract. The plaintiff was employed in person and as the driving of a school van entails a great responsibility and requires a certain amount of skill, in that respect the contract is personal. That part of the contract which requires the plaintiff to furnish the school van is not personal, but we think the contract of employment should be dealt with as personal, and in view of the act which governs the School Board's authority to employ the plaintiff, specifies no time or period for which the school board might employ him. In view of that and the Potts decision and authorities cited thereunder, it seems to us that the School Board was without any authority to enter into a contract with the plaintiff for any definite or specified time or term.

"Newchurch v. Ascension Parish School Board, La.App., 161 So. 889. This case is very similar to the present one. In the Newchurch Case the plaintiff was employed as a school van driver for a certain term. He performed the contract for a period of time and then the Board discharged him, and upon that ground, he brought his suit. Among other exceptions, was filed an ex-

ception of no cause or right of action. The lower court sustained the exception of no cause or right of action, and the Court of Appeal of Louisiana, First Circuit, reversed the decision and held that the petition stated a cause of action.

"The lower court in that case held that a contract could not be entered into, under the law, for more than one year. The Court of Appeal, in passing on the question, said (page 891):

" 'The governing law on the subject is Act No. 100 of 1922, § 29, amended by Act No. 202 of 1928, which reads as follows:

" ' "That the Parish school board shall have the authority to provide transfers for children attending any school provided by the State Board of Education for children living more than two miles from a school of a suitable grade." '

"The court said this provision contains no such limitation—that is, a school van driver could not be employed for more than a year. They cited or gave no legal reason for their opinion other than this:

" 'We are satisfied that the petition sets forth a right and a cause of action.'

"Section 43 of Act 100 of 1922, mentions no time or term of employment and places no limitation thereof. Act 202 of 1928 mentions no time or period of employment of school van drivers. As neither of these cases specified any time, then, under the Potts decision, the School Board had no authority whatever to employ the plaintiff for any definite or specified time as driver of the school van to transfer the children to and from the Aimoch school, and for these reasons, we think the exception of no right or cause of action filed by the defendant is good, and therefore sustained.

"F. E. Jones, Judge."

The judgment of the lower court is therefore affirmed, with costs.