**25 So.2d 446**

**BROWN v. VERNON PARISH SCHOOL BOARD.**

**CRYER v. SAME.**

**Nos. 35846, 35847.**

Feb. 11, 1946.

Rehearing Denied March 18, 1946.

Thomas Arthur Edwards, of Lake Charles, for appellants.

Edwin M. Fraser, Dist. Atty., of Many, and J. R. Ferguson, Asst. Dist. Atty., of Leesville, for appellee.

FOURNET, Justice.

Dan Brown and Jack Cryer are appealing from judgments dismissing their respective suits against the Vernon Parish School Board to recover damages resulting from the alleged breach of their contracts with the board to transport children to and from school and their homes during the school years of 1938, 1939, and 1940, on the ground that they were summarily dismissed without cause prior to the termination date stipulated in such contracts. With the exception that in the Brown case the school board reconvened for $592.87, the value of the steel body furnished for Brown's truck by the board and which he refused to surrender, these cases involve the same issue and they were consolidated for the purpose of trial, the evidence taken being applicable to both.

The identical issue presented for our decision in these cases was adjudicated upon by the Court of Appeal for the First Circuit in the case of Newchurch v. Ascension Parish School Board, La.App., 161 So. 889, wherein it was held that the plaintiff was entitled to recover his salary for the unexpired term and the lower court's judgment dismissing the plaintiff's suit on the board's exceptions of no cause and no right of action was reversed. However, this case was overruled in effect when the Court of Appeal for the Second Circuit in the case of Poole v. La Salle Parish School Board, 183 So. 182, involving the same issue, held, following the decision of this court in the case of Potts v. Morehouse Parish School Board, 177 La. 1103, 150 So. 290, 91 A.L.R. 1093, that the school board was without authority to fix by resolution the term of an appointee's incumbency where his tenure has not been declared by law, and this court declared in its reasons for refusing writs to review the judgment in the Poole case that it was correct.

We see no reason for disturbing this holding at this time, particularly since the legislature in 1942, obviously taking cognizance thereof, adopted its Act No. 61 providing a tenure for school bus operators comparable to that accorded school teachers, this act being subsequently amended and re-enacted by the adoption of Act No. 185 of 1944.

Such rights as the plaintiffs may have had against the board under their alternative pleas, i. e., for the furnishing of the transportation equipment during the term of the employment under their contracts with the board, must be determined against these plaintiffs for under the express terms of the contracts upon their removal their successors were to purchase this equipment at its appraised value as fixed by the company from whom it was purchased, but Brown has refused to accept this appraised value while Cryer refused to even allow such appraisal to be made on his truck, and, in any event, the evidence in the record does not otherwise establish the value of the equipment.

Although the attorneys representing the school board contend that the judgment of the lower court rejecting the reconventional demand for the value of the steel body furnished Brown, and which he refused to surrender upon the termination of his employment, is erroneous, we are powerless to review this matter for the board has neither appealed from that portion of the judgment nor answered the appeal taken by Brown. Articles 592 and 889 of the Code of Practice.

Since this opinion was written, counsel for the appellants, with the court's permission, has filed a supplemental brief wherein it is argued that the legislature of 1942 by its adoption of Act No. 61 and its subsequent amendment and re-enactment thereof in 1944 intended thereby to clarify the law and reinstate the decision in the Newchurch case.

Neither the act adopted by the legislature in 1942 nor the one adopted in 1944 contain any such provision and we know of no law under which the mere adoption of such acts could have the effect of overruling the holding in the Poole case.

We are unable to follow the logic in counsel's argument treating the transactions between the school board and the appellants as a joint adventure for these suits are based solely on the breach of a contract and the characterization of such contracts as joint adventures could in no manner alter the results hereinabove reached.

For the reasons assigned, the judgment appealed from in each of these cases is affirmed, at the cost of the appellants.