For the reasons assigned, the judgment appealed from is affirmed.

Gas Company v. Southwest Natural Production Company, 221 La. 608, 60 So.2d 9, and for the reasons there assigned, the judgment must be affirmed.

The judgment appealed from is affirmed.

60 So.2d 12

## SOUTHWEST NATURAL PRODUCTION CO. v. ARKANSAS LOUISIANA GAS CO. et al.

### No. 40510.

July 3, 1952.

Blanchard, Goldstein, Walker & O'Quin, Robert Roberts, Jr., and George Conger, Shreveport, for Arkansas Louisiana Gas Co. et al., defendants-appellants.

Simon & Carroll, Barham & Elder, Shotwell & Brown, Tucker, Bronson & Martin, Monroe, and Elmo P. Lee, Jr., Shreveport, for Southwest Natural Production Co., plaintiff-appellee.

FOURNET, Chief Justice.

The identical question presented for our determination in this case was raised in the companion case of Arkansas Louisiana

60 So.2d 12

## DUGAS v. ASCENSION PARISH SCHOOL BOARD.

### No. 39493.

June 2, 1952.

Rehearing Denied July 3, 1952.

Menuet & Triche, Napoleonville, for plaintiff, appellant.

Aubert L. Talbot, Dist. Atty., Napoleonville, George R. Blum, Asst. Dist. Atty., Donaldsonville, for defendant, appellee.

FOURNET, Chief Justice.

The plaintiff, Claiborne J. Dugas, is appealing from a judgment dismissing, on exceptions of no cause and no right of action, his suit seeking reinstatement as supervisor of classroom instruction in the Ascension Parish school system, and for all back pay due him; in the alternative, a money judgment for $86,240—his attained salary of $4,000 a year for the period of his life expectancy. .

The allegations of the petition are, substantially, that the plaintiff, holder of the degrees of Bachelor of Science and Master of Arts, has been a teacher in the state's school system for 24 years, his attained position since July 1, 1937 (supervisor of classroom instruction), requiring a teacher's certificate, which he has; that as such he cannot be removed except on written charges and after due hearing, as provided in the Teacher's Tenure Act; that, nevertheless, without just cause and in bad faith, the school board, on August 17, 1948, sought

to remove him without following the procedure required under the tenure act, i. e., by adopting a resolution abolishing the position of supervisor of classroom instruction, this action not being, as asserted, in the interest of the schools and for reasons of economy, but, instead, being motivated by a desire to accomplish his summary dismissal without a hearing because of politics and differences existing between him and the superintendent and other members of the board. Certain alternative grounds were set out, but these are apparently abandoned and will not, therefore, be mentioned or considered.

The legislature, by its adoption of Act No. 58 of 1936, amending and re-enacting Section 48 of Act No. 100 of 1922, since amended by Acts Nos. 250 of 1944 and 297 of 1946—now LSA–R.S. 17:441–444, embraced the so-called Teacher's Tenure Act, making it the public policy of this state that "No permanent teacher shall be removed from office except upon written and signed charges of wilful neglect of duty, or of incompetency, or dishonesty, and then only if found guilty after a hearing by the school board * * *."

We find no merit to the contention of the school board (raised by way of exceptions of no cause and no right of action and maintained by the trial judge) that inasmuch as the plaintiff is a "supervisor," one of the employees the board is authorized in Section 43 of Act No. 100 of 1922,

LSA–R.S. 17:84, to appoint when needed, his removal, under the authority of Potts v. Morehouse Parish School Board, 177 La. 1103, 150 So. 290, 91 A.L.R. 1093, is within the discretion of the board, for, since the Potts case was decided in 1933, the legislature, enacting the Teacher's Tenure Act, provided that "The word *'teacher'* as used in this section *shall be construed to mean any employee of any parish or city school board who holds a teacher's certificate and whose legal employment requires such teacher's certificate.*" Section 48 of Act No. 100 of 1922, as amended by Act No. 297 of 1946. (Italics ours.)

We therefore conclude that the plaintiff, having alleged (and these allegations must be accepted as true for the purpose of disposing of these exceptions) that the school board removed him from his employment as supervisor of classroom instruction, an office requiring a teacher's certificate, which he holds, in contravention of the express provisions of the Teacher's Tenure Act, and through the subterfuge of the abolishment of that position, has stated a cause and a right of action.

Counsel for the school board, apparently realizing the weakness of their position and obviously searching for new grounds on which to base their exceptions, discovered that Section 49 of Act No. 100 of 1922, as originally drawn, provided that "No person shall be appointed to teach without a written contract for the scholastic year in

which the school is to be taught * * *," and that although the legislature by its Act No. 353 of 1948 amended this section to provide that nothing therein should be construed as "requiring a written contract to be made for any scholastic year with regular and permanent teachers enjoying tenure", LSA–R.S. 17:413 inasmuch as this amendment did not become effective until July 28, 1948, and it appears the plaintiff's employment for the scholastic year during which the position he held was abolished began on July 1, 1948, the plaintiff failed to state a cause and a right of action because he did not allege that at the time his position was abolished he was working under a written contract for that year. This argument is advanced in a supplemental brief filed since this opinion was written.

The legislature, in amending Section 49 of Act No. 353 of 1948, did nothing more than clarify its intent as already expressed in the Teacher's Tenure Act. To hold otherwise (as contended by the school board), would not only have the effect of nullifying the spirit as well as the letter of the tenure act, but would also make the legislature's adoption of Act No. 58 of 1936 ridiculous and absurd, for if the board wanted to dispense with the services of any teacher, compliance with the requirements of the tenure act would be unnecessary; the same result could be reached by merely refusing to enter into a written contract with the permanent teacher during any given scholastic year.

For the reasons assigned, the judgment of the lower court is reversed, the exceptions of no cause and no right of action are overruled, and the case is remanded to the lower court for further proceedings.