270 So.2d 540 (1972)
264 La. 24
Gaetano A. MORGAVI, Jr.
v.
Fabian S. MUMME et al.
No. 51882.
Supreme Court of Louisiana.
December 11, 1972.
*541 Gauche, Wegener & Oster, Robert J. Oster, New Orleans, for defendant-applicant.
Robert L. Redfearn, New Orleans, for plaintiffs-respondents.
SANDERS, Justice.
We granted certiorari to review a judgment of the Court of Appeal that partially reversed the trial court and ordered the return of a deposit of $2100.00 to the prospective purchaser in a contract to sell an improved lot in the City of New Orleans. See 254 So.2d 278; 260 La. 12, 254 So.2d 617.
The operative facts are few. The plaintiff, Gaetano Morgavi, Jr., entered into a contract on a standard form to purchase from Fabian S. Mumme the immovable property located at 5615 West End Boulevard in the City of New Orleans for the sum of $21,000.00. Pursuant to the terms of the contract, Morgavi deposited with Robert J. Oster the sum of $2100.00, representing 10% of the purchase price.
The contract provided:
"In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso-facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance."
After a title examination, Morgavi concluded that the title to the property was unmerchantable. He informed the seller of his conclusion, advising him that he was unwilling to complete the sale. He demanded the return of his deposit. When Mumme and Oster, the agent, refused to comply, he filed suit seeking return of the deposit, plus attorney fees and title examination expenses.
His petition rested upon the allegation that the title was unmerchantable for two reasons:
1. The improvements on the property violate the zoning ordinance of the City of New Orleans; and,
2. The improvements violate title restrictions, which were not made known to him.
Mumme filed an answer and reconventional demand. In his answer, the defendant denied that the title was unmerchantable. By the reconventional demand, he sought to have the court declare the deposit forfeited and to recover damages.
On the trial of the case, the factual issue was merchantability of title. The defendant offered no evidence in support of the reconventional demand. The trial court found that the evidence failed to establish that the title was unmerchantable and dismissed plaintiff's suit. Referring to the defendant's failure to offer evidence on the reconventional demand, the trial court also dismissed the reconventional demand.
*542 Plaintiff took a devolutive appeal. Defendant did not appeal or answer the appeal. The Court of Appeal held that the title was merchantable. However, because defendant had offered no evidence at the trial to establish a formal tender of title, the court rendered the following judgment:
"It is now ordered that the deposit in the sum of $2,100 be returned to the plaintiff herein. It is further ordered that plaintiff's demand for damages be and the same is hereby dismissed. It is further ordered that defendant's demand for forfeiture of deposit and for damages be and the same is hereby dismissed. Costs to be paid by defendant-appellee."
Quite clearly, the Court of Appeal erred in passing upon defendant's reconventional demand. Since defendant had not answered the appeal, the reconventional demand was not before the appellate court. When an appellee whose reconventional demand has been dismissed files no answer to the appeal, the reconventional demand cannot be reviewed. LSA-C.C.P. Art. 2133; Ober v. Williams, 213 La. 568, 35 So.2d 219 (1948); Brown v. Vernon Parish School Board, 209 La. 725, 25 So.2d 446 (1946); Veillon v. Tramuta, La.App., 237 So.2d 708 (1970); Gibson v. Vining Oil Co., La.App., 236 So.2d 632 (1970); Close v. Lumbermens Mut. Cas. Co., La.App., 207 So.2d 571 (1968).
Hence, the only matter before the Court of Appeal was the correctness of the trial court judgment rejecting the demand made in plaintiff's petition. Inasmuch as we review the Court of Appeal judgment, that is also the only matter before us.
Our review of the record convinces us as it did both lower courts, that the plaintiff has failed to establish that the title is unmerchantable. The evidence offered falls far short of that required for title rejection.
The plaintiff contends, however, that Article 2164 of the Louisiana Code of Civil Procedure imposes an obligation on the court to do justice on the record irrespective of whether a particular legal point or theory has been presented to or passed upon by the trial court. Hence, plaintiff submits, he is entitled to a return of the deposit because the evidence does not establish tender of title.
Article 2164 provides:
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."
The foregoing article, it is true, abolished the theory-of-the-case doctrine and gave the appellate courts wide latitude in granting relief to which a litigant is entitled "upon the record on appeal."
As we recently stated in Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971), the phrase upon the record on appeal has major significance. It means that the court can render any judgment supported by the pleadings and the evidence.
The plaintiff's petition makes no reference to tender of title. The defendant's answer is also silent as to tender. Assuming arguendo that we can consider judicial admissions in the reconventional demand, not now before us, that pleading makes only a general allegation that the owner "declared the deposit forfeited in accordance with the terms of the said contract."
The evidence is silent as to whether or not tender was made. It relates solely to the merchantability of title.
As in all civil matters, the burden of proof is upon the plaintiff to establish the elements essential for his recovery. This is especially true of the failure to tender title in conformity to a contract. The breach of a contractual duty *543 cannot be presumed. Foshee v. Simkin, La. App., 174 So.2d 915 (1965); Athens Roller Mills v. Com'r of Internal Revenue, 136 F. 2d 125 (6th Cir. 1943); Fidelity & Deposit Co. v. Grand Nat. Bank of St. Louis, 69 F. 2d 177 (8th Cir. 1934); 29 Am.Jur., Evidence § 168, pp. 208-210.
We conclude that the record on appeal is inadequate to establish that the seller failed to tender title. Because of this conclusion, we do not reach the defendant's alternative contention that formal tender is unnecessary when the prospective purchaser is unwilling to accept title, so advises the seller, and adheres to this position in the ensuing litigation.
For the reasons assigned, the judgment of the Court of Appeal is reversed, and the judgment of the trial court dismissing plaintiff's petition is reinstated and made the judgment of this Court. All costs are assessed against the plaintiff.
HAMLIN, J., dissents with written reasons.
HAMLIN, Justice (dissenting):
I respectfully dissent.
In his petition Morgavi alleged that by contract,[1] October 22, 1964, Mumme agreed to sell and he agreed to buy the instant described property. He further alleged that a copy of the contract was attached as an exhibit. In answer, Mumme admitted that he entered into the contract for the sale of 5615 West End Boulevard, New Orleans, Louisiana, and showed that the contract was the best evidence of its contents.
LSA-R.C.C. Art. 1901 provides:
"Agreements legally entered into have the effect of laws on those who have formed them.
"They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.
"They must be performed with good faith."
Article 1901 supra has been interpreted by the appellate courts of this State as follows:
"* * * agreements legally entered into have the effect of laws on those who form them. R.C.C. Art. 1901. It is well settled that the parties may make their own contracts, and however unusual they may be or what drastic or unreasonable features there may be therein, they form the law between them and should be enforced so long as they do not contravene good morals or public policy. Arkansas Fuel Oil Corporation v. Puccio, La.App., 141 So.2d 516." Succession of Caine v. Tanho Land and Cattle Co., 198 So.2d 439 (1967). See, Freeman v. Department of Highways, La.App., 197 So.2d 188; Community Construction Company v. Governale, La.App., 211 So.2d 677; Chemical Cleaning, Inc. v. Brindell-Bruno, Inc., La.App., 214 So.2d 215.
"Article 1945 of the Civil Code provides that agreements have the effect of law upon the parties, who alone can abrogate or modify them, and that the courts are bound to give effect to all contracts according to the true intent of the parties when the language is clear and leads to no absured consequences. Conformable with this principle, which is also stated in Article 1901 of the Code, this Court has many times observed that it is not with[in] its province to alter or make new contracts for the parties, its duty being confined to the interpretation of the agreements the parties have made for themselves, and, in the absence of any ground for denying enforcement, *544 to render them effective. Moriarty v. Weiss, 196 La. 34, 198 So. 643; Texas Co. v. State Mineral Board, 216 La. 742, 44 So.2d 841." Stack v. DeSoto Properties, 221 La. 384, 59 So.2d 428 (1952). See, Matthews v. Standard Life Insurance Company, La.App., 213 So.2d 128.
Since the Agreement to Purchase or Sell which provided in lines 36, 37 and 38 that: In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso-facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance, was in evidence, and since under the above authorities it was the law between the parties (its provisions contained nothing immoral or against public policy), the Court of Appeal was bound to examine the provisions of the contract. Under such facts and circumstances, Morgavi was not obligated to plead lack of tender of title, as contended by Mumme. The contract required a tender of title, and the record shows that there was no compliance.
In reality, the Court of Appeal did not raise a new issue in deciding this case on Mumme's failure to tender title to Morgavi. The trial court dismissed Mumme's reconventional demand because of lack of compliance with the terms of the contract; the trial court, however, failed to order the return of Morgavi's deposit; this it should have done.
I would decide this matter strictly on the provisions of the contract. I find that plaintiffs did not prove the unmerchantability of Mumme's title; however, I also find that in order for Mumme to recover the penalties provided for in the Agreement to Purchase or Sell, it was necessary for him to follow the terms of the contract by tendering title despite his averment that such would have been a vain and useless thing. The Court of Appeal did not render nugatory a provision of the instant contract; it interpreted it as written.
I respectfully dissent.
NOTES
[1] The portion of the contract upon which this dissent rests recites as follows: "In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance."