463 So.2d 884 (1985)
Wayne D. SHOWS, Plaintiff-Appellant,
v.
MOREHOUSE GENERAL HOSPITAL, Defendant-Appellee.
Wayne D. SHOWS, Plaintiff-Appellee,
v.
MOREHOUSE PARISH HOSPITAL SERVICE DISTRICT & Aetna Life and Casualty Company, Defendant-Appellant.
Nos. 16734-CA, 16737-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
Writ Denied March 15, 1985.
*885 Brown, Wicker, & Amman by William D. Brown, Monroe, for plaintiff-appellant, Wayne D. Shows.
McLeod, Swearingen, Verlander & Dollar by David E. Verlander, III, Monroe, for defendants Morehouse Gen. Hospital, appellee, and Morehouse Parish Hospital Service Dist., appellant.
Before HALL, MARVIN and SEXTON, JJ.
MARVIN, Judge.
These two appeals arise out of a dispute between a public hospital and its former director, Shows. Shows appeals a judgment rejecting his demands to enforce a provision of his employment contract that two years notice or two years full salary would be given him if the hospital fired him.
In the consolidated action, the hospital board appeals a judgment ordering the board to "execute the necessary and proper forms to authorize Aetna Life Insurance Company to make payments to plaintiff in accordance with ..." an annuity life insurance contract that was purchased in connection with the employment contract to provide Shows with retirement income. We affirm the judgment in each case.

THE EMPLOYMENT CONTRACT
The Morehouse Police Jury created by ordinance an advisory commission or board of commissioners to operate the public hospital in 1957. The commission hired Shows as director of the hospital in 1964. A written employment contract between the commission and Shows was first executed in 1973. The contract, executed annually, initially provided that either the commission or Shows could cancel their agreement by giving a one-year notice to the other.
In 1976, the contract was changed to provide that Shows could cancel the employment agreement by giving six months notice and that the commission could cancel by giving Shows two-years notice or two-years pay. The last contract of this type became effective December 1, 1981.
In 1982 the police jury created a hospital service district under LRS 46:1051 et seq. A hospital board was named by the police jury under this law on December 17, 1982, and the prior commission apparently ceased to exercise any function with respect to the hospital. The dispute then arose between the board and Shows.
On April 5, 1983, the board voted to immediately fire Shows as hospital director. After apparently being advised by its counsel that the hospital perhaps could not legally operate without a director, the board, on April 12, 1983, rescinded its resolution to immediately fire Shows. The board, through its counsel, and Shows negotiated and apparently agreed that Shows would continue temporarily as director. On May 9, 1983, Shows informed the board, through its counsel, that he was withdrawing as of May 12 from the agreement to serve temporarily, and then brought the action on May 25 on the employment contract. The action to mandamus the board to sign the annuity papers with Aetna was filed later.
The trial court did not make express findings of fact, but held that the two-year "severance pay" provision was unenforceable because of the constitutional prohibition that public funds shall not be donated or *886 given either for services not actually rendered or as extra compensation or as a "bonus" for services already rendered. LSA-Const. Art. 7, § 14(A). McElveen v. Callahan, 309 So.2d 379 (La.App. 3d Cir. 1975), writ denied; James v. Rapides Parish Police Jury, 113 So.2d 88 (La.App. 2d Cir. 1959).
The trial court found that the payments that were made by the hospital to the Aetna annuity contract were legally permitted under the policy of LSA-Const. Art. 7, § 14(B). This section allows public agencies to contribute and contract for retirement or deferred compensation plans.
We shall view the evidence most favorably toward supporting the respective judgment in each case, but shall not reach the constitutional issue on the employment contract dispute. Assuming, apparently as did the trial court, that the advisory commission (1957-1982) had some capacity to enter into a contract of employment with Shows, we find that contract was limited and must be restricted by legal principles other than the constitutional provision.
The 1957 ordinance gave the commission the power to represent the public interest; to advise the police jury concerning the hospital; to promulgate rules for the operation of the hospital; to modify or rescind any action of officers or employees of the hospital; and to appoint a director of the hospital who "shall be a full time employee of the hospital and shall receive a salary fixed by the commission ... [and] shall serve at the pleasure of the commission." The ordinance tracks the "universally accepted" rule that the office of an employee of a public body, where the tenure is not otherwise fixed by law, is held at the pleasure of the authority or body making the appointment. Garnier v. Louisiana Milk Commission, 200 La. 594, 8 So.2d 611 (1942); Potts v. Morehouse Parish School Board, 177 La. 1103, 150 So. 290 (1933). In the absence of a special law such as LRS 17:413 requiring contracts of teachers to be for the scholastic year, it is against public policy to permit public boards to contract away the right to remove employees at will by entering into contracts of employment for definite periods of time. See Hartwig Moss Ins. Agency v. Board of Com'rs., 206 La. 395, 19 So.2d 178 (1944).
If the contract be construed as one requiring either two years "reasonable notice" to Shows before termination or as one that guarantees a two-year term of employment, Shows does not have a cause of action for damages for wrongful termination because the ordinance authorizing the advisory commission to hire a director did not authorize a term of employment. See Poole v. La Salle Parish School Board, 183 So. 182 (La.App. 2d Cir. 1938). Indeed, the ordinance expresses that the director shall serve at the pleasure of the commission. This phrase negates authority to contract for a term and means that the hiring body has absolute authority to remove or discharge the employee without cause at its pleasure. Garnier, supra, 8 So.2d, at p. 614. A contract for a term under such conditions is ultra vires and unenforceable. Hartwig Moss, supra, 19 So.2d, at p. 181.

THE ANNUITY CONTRACT
Contributions of public funds to pension and insurance programs for the benefit of public employees are constitutionally authorized. LSA-Const. Art. 7, § 14(B).
The commissioners first purchased the annuity in 1976 by obligating the hospital to purchase for $5,000 per year an annuity vested in Shows. This amount was increased in 1978 to $6,000 per year, in 1979 to $10,400 per year, in 1980 to $12,300 per year, and on December 1, 1981, to $17,334.13 per year, payable $4,333.53 per quarter. The annuity contract shows the hospital to be the "owner" and Shows to be the "participant." The employment contract, however, states that the funds used to purchase the annuity can be withdrawn by Shows and that he "has complete control of where and in what these funds are invested ... and ... has total ownership of said funds."
*887 The trial court's conclusion that the purchase of the annuity by the hospital accomplished a deferred compensation plan for Shows as the hospital director is supported by the record. While the amount annually contributed became generous, we cannot say that the aggregate amount is unreasonable. Whether the degree of control given to Shows by the commission rendered the contributions to the plan immediately taxable under federal law is not for us to decide. The hospital's contribution was made for services rendered and was intended to be compensation that was deferred to the time of Shows' retirement. The record supports the trial court's mandate that the commissioners execute the necessary and proper insurance forms that would allow Shows to exercise his "complete control" over the credits in the annuity.

DECREE
At the cost of the respective appellants, the judgment in each action is affirmed.