Dear Mr. Harvey:
You have requested the opinion of this office on several issues related to the Levee District's contract for employment of legal counsel:
1. May the Board employ legal counsel for a contract period longer than the term of office of the employing board?
2. Does the retainer contract between the Board and the attorney violate public policy and, if so, does such a violation of public policy constitute sufficient "cause" to terminate the contract?
3. Notwithstanding the provisions of the employment contract, does the present Board of commissioners have the authority to rescind that contract?
4. Should the Board of Commissioners rescind the contract employing counsel, would the Board be liable for damages to the terminated attorney for doing so?
Louisiana R.S. 38:305 authorizes levee and drainage districts such as the Orleans Levee District to "employ one or more attorneys to represent it and to offer advice and assistance of a legal nature. . .". This statutory authorization together with the nature of the agreement entered by the previous Board of Commissioners makes clear that this is a contract of employment.
La. R.S. 42:3, provides as follows:
Limitation of terms of employees or officials elected by boards; exceptions
The term of office of all employees or officials elected by any state, district, parochial or municipal board shall not be for a longer period of time than the term of office of the membership of the board electing them so that each respective board shall elect its own officers and employees. This Section does not apply to the officers or employees of any board governed by a civil service law of this state or of any parish or municipality thereof. (Emphasis added.)
This statute has, on several occasions, been interpreted by Louisiana courts as a limit on the amount of time boards may contract with employees. See Andrepont v. Lake Charles Harbor and Terminal District, 586 So.2d 722 (La.App. 3d Cir. 1991), Hayden v. Richland Parish School Board, 554 So.2d 164 (La.App. 2d Cir. 1989), Shows v. Morehouse General Hospital, 463 So.2d 884
(La.App. 2d Cir. 1985), Hartwig Moss Ins. Agency, Ltd. v. Board of Commissioners of Port of New Orleans, 19 So.2d 178 La. 1944.
No cases specifically dealing with the employment of attorneys as provided for by R.S. 38:305 have arisen. However, a reading of the statutes as well as the above cited cases leads us to the conclusion that it was the intent of the legislature in enacting R.S. 42:3 to allow each newly appointed board the opportunity to elect its own officers and employees during their term of office. Such statutorily created limitations cannot be contracted away. As mentioned in the cases above, to disregard the language and intent of R.S. 42:3 to allow a board to enter into contracts of unlimited duration could lead to boards and employees with diametrically opposing viewpoints. This is exactly what the legislature sought to avoid with the limitation set out in the statute.
According to R.S. 38:291(K)(2), the governor appoints six of the eight commissioners who "serve at the pleasure of the governor making the appointment." The commissioners' term of office, therefore, coincides with the governor's term of office of four years. Since 1992 is the beginning of a new gubernatorial term of office, it would also be the beginning of a new term for the Board of Commissioners of the Orleans Levee District. It is the opinion of this office that the new Board of Commissioners taking office coincident with the term of the new governor would have the authority to terminate the previous contract of employment of counsel and the right to enter into a new contract for legal services.
In addition to the above authority, Rule 1.16 of the Rules of Professional Conduct promulgated by the Louisiana Supreme Court provides that a lawyer shall withdraw from representation of a client when the lawyer is discharged. This flows from the generally accepted rule that employment of professionals continues only as long as such employment in mutually agreeable.
The above discussion, I believe addresses the first three issues raised in your opinion request. With regard to the final question, we would suggest that the only sure way to obtain an advance determination on the question of potential damages would be to seek a declaratory judgment from the appropriate court.
I trust that this answers your inquiry. Please advise if we may be of further assistance to you in this matter.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:203