Dear Mr. Provosty:
You have requested an opinion of the Attorney General in your capacity as legal counsel for the England Economic Industrial Development District (District), relative to the authority of the District to execute a written employment contract with its Executive Director and to further provide for various benefits associated therewith.
You state that the District's employees are not covered by any civil service law. Various local governmental bodies appoint the members of the District's Board of Commissioners (Board), who serve without compensation. While the enabling legislation for the District authorizes the Board to appoint officers, agents and employees, prescribe their duties and fix their compensation, it does not contain express authorization for the Board to enter into fixed term employment contracts with District employees.
You further state that the Board hired an Executive Director. The Board and the Executive Director negotiated and executed a written employment contract, fixing the term of employment at two years. Additionally, it provided that the Board has the right to terminate the Executive Director without cause at any time. In the event of this involuntary termination, the contract provides that the Executive Director will continue to receive his salary and related benefits for a period of four months, or for the remainder of his term, whichever is less.
You specifically ask whether the District has the authority to enter into a contract of employment for a fixed term of two years with its Executive Director. You also ask whether the provision obligating the District to pay salary and related benefits to its Executive Director after involuntary termination is valid and enforceable.
In answer to your first question, we refer you to R.S. 33:130.351
which constitutes the District as a political subdivision of the State with all of the rights, powers, privileges and immunities accorded by law and the Constitution of Louisiana. R.S.33:130.353(F) provides the following:
 Members of the board shall serve without compensation, shall have the power to organize and reorganize the executive, administrative, clerical and other departments and forces of the district, and to fix the duties, powers, and compensation of all employees, agents, and consultants of the district. The board may reimburse any member for expenses actually incurred with the authorization of the board in the performance of his duties on behalf of the district.
Section 130.355 enumerates the powers of the District to include the following:
 (14) To appoint officers, agents, and employees, prescribe their duties, and to fix their compensation.
The law is silent with regard to a contractually fixed term of employment.
In Shows v. Morehouse General Hospital, 463 So.2d 884 (La.App. 2nd Cir. 1985) writ denied, plaintiff, a former hospital director, filed suit against a hospital service district claiming that he was prematurely and wrongfully discharged contrary to a written employment contract. The contract contained a clause which, in effect, guaranteed plaintiff a two-year term of employment. In denying plaintiff's claim, the Court held, in pertinent part, the following:
 . . . Assuming, apparently as did the trial court, that the advisory commission (1957-1982) had some capacity to enter into a contract of employment with Shows, we find that the contract was limited and must be restricted by legal principles other than the constitutional provision.
 The 1957 ordinance gave the commission the power to represent the public interest; to advise the police jury concerning the hospital; to promulgate rules for the operation of the hospital; to modify or rescind any action of officers or employees of the hospital; and to appoint a director of the hospital who "shall be a full time employee of the hospital and shall receive a salary fixed by the commission [and] shall serve at the pleasure of the commission." The ordinance tracks the "universally accepted" rule that the office of an employee of a public body, where the tenure is not otherwise fixed by law, is held at the pleasure of the authority or body making the appointment. Garnier v. Louisiana Milk Commission, 200 La. 594, 8 So.2d 611 (1942); Potts v. Morehouse Parish School Board, 177 La. 1103. 150 So. 290 (1933). In the absence of a special law such as LRS 17:413 requiring contracts of teachers to be for the scholastic year, it is against public policy to permit public boards to contract away the right to remove employees at will by entering into contracts of employment for definite periods of time.
 If the contract be construed as one requiring either two years "reasonable notice" to Shows before termination or is one that guarantees a two-year term of employment, Shows does not have a cause of action for damages for wrongful termination because the ordinace authorizing the advisory commission to hire a director did not authorize a term of employment. See Poole v. La Salle Parish School Board, 183 So. 182 (La.App. 2d Cir. 1938). Indeed, the ordinance expresses that the director shall serve at the pleasure of the commission. This phrase negates authority to contract for a term and means that the hiring body has absolute authority to remove or discharge the employee without cause at its pleasure. Garnier, supra, 8 So.2d, at p. 614. A contract for a term under such conditions is ultra vires and unenforceable. Hartwig Moss, supra, 19 So.2d, at p. 181. (Emphasis added.)
We find the Shows case and the cases cited therein, to be applicable to the issue presented for our resolution. As noted above, statutory provisions which authorize the District to appoint employees (e.g., the Executive Director), to prescribe their duties and to fix their compensation, do not authorize the District to enter into a contract of employment for a definite period of time.
Accordingly, it is the opinion of this office that the provision of the contract between the District and its Executive Director providing for a fixed term of employment is ultra vires and unenforceable. We turn now to your second question, to wit: Is the provision obligating the District to continue to pay salary and related benefits to the Executive Director after terminating his employment valid and enforceable?
The issue of whether a public employee may receive severance pay upon termination has been previously addressed by the jurisprudence of this state, as well as the opinions of this office. In Crist v. Parish of Jefferson, 470 So.2d 306 (La.App. 5th Cir. 1985), the defendant appealed from a judgment granting a former employee terminal leave compensation. At the time of his employment, a parish ordinance afforded terminal leave equal to one month's pay for each year of parish service. In reversing the trial court's award, the Court held:
 . . . As we view it, the terminal leave compensation provided for by Ordinance No. 11775 was either a gratuitous or remunerative donation. Article 7, Section 14 of the 1974 Constitution, above quoted, makes no distinction between the types of donations it prohibits. Therefore, the prohibition contained in Article 7, Section 14(A) encompasses the terminal leave compensation in question here. Hence, we hold ordinance No. 11775 became invalid at the moment the 1974 Constitution became effective.
Additionally, this office has consistently opined that the payment of severance pay at the time of termination constitutes a violation of Article VII, Section 14 of the 1974 Louisiana Constitution. Attorney General Opinion Nos. 96-29, 95-463, 94-474 and 89-411.
While Article VII, Section 14 prohibits the gratuitous donation of public funds, as in the case of severance pay, it does not prohibit the lawfully authorized payment of compensation for labor or services provided in the course of employment and the related benefits, including annual and sick leave. Entitlements to insurance and retirement benefits for public employees are specifically provided for in Article VII, Section 14(B).
In Attorney General Opinion No. 96-29, we opined that employee benefits of annual and sick leave, if authorized, are not considered donations. However, to serve a public purpose and provide a public benefit, they must be reasonable. In this regard, the benefits should be implemented through the formal adoption of a leave policy which is congruous to the nature of the services rendered and uniformly accorded to other employees.
It should be noted that benefits relating to sick and annual leave are limited to leave which is accrued prior to the termination and/or resignation of the public employee. In other words, it is improper for a public entity to authorize the accrual of annual and sick leave, and the payment therefor, for any period of time subsequent to termination and/or resignation. Attorney General Opinion Nos. 96-29 and 87-496.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj
Date Received:
Date Released:
ROBERT L. HARROUN, III ASSISTANT ATTORNEY GENERAL