Dear Mr. Bourgeois:
On behalf of the Morgan City Harbor and Terminal District (District) you have requested an opinion of this office regarding the legality of the District entering into a contract with its executive director. According to your request, the District wishes to enter into a two-year employment contract with its executive director and is concerned about the legality of the proposed contract and certain provisions contained therein. Of particular concern is the provision relating to termination of the contract.
LSA-R.S. 34:321 created the Morgan City Harbor and Terminal District. R.S. 34:322 provides that the governing authority of the District shall be a board of commissioners (Board) consisting of nine members appointed by the governor with staggered terms, and that the Board may employ officers, agents, and employees as necessary in the performance of the duties of the District, and may prescribe the duties, powers, and compensation of the officers, agents and employees.
LSA R.S. 34:324(C) provides that the Board "shall prescribe rules to govern its meetings, shall maintain suitable offices in the district and may contract with and employ attorneys, clerks, engineers, accountants, deputy commissioners, superintendents, stevedores, and other agents and employees, and shall fix their compensation and terms of office or employment."
Accordingly, the employment of an executive director, if deemed necessary by the District, would fall within the powers of the District. *Page 2 
The proposed contract provides that the District will employ an executive director who shall exercise all day-to-day management, operation and administration of the District. The term of the proposed contract is for a two-year period at a compensation rate of $80,000.00 annually, plus certain expense reimbursements and benefits. The contract termination provision provides that the contract shall automatically terminate upon the death or disability of the executive director or for "cause". The proposed contract lists five grounds for cause, the fourth being "the failure of the executive director to perform his duties at the sole discretion of two-thirds (2/3) of the board of commissioners (7 members) who may vote at a duly called meeting of the board of commissioners meeting to terminate this contract." Upon any termination for cause, the executive director shall have no right to compensation for any period subsequent to the effective date of termination.
Louisiana Law prohibits public boards from contracting away the right to remove employees at will. See Shows v. Morehouse ParishHospital Service District, (La.App. 2 Cir. 1985),463 So.2d 884, wherein the court stated that: "In the absence of a special law . . ., it is against public policy to permit public boards to contract away the right to remove employees at will by entering into contracts of employment for definite periods of time. SeeHartwig Moss Ins. Agency v. Board of Com'rs, 206 La. 395,19 So.2d 178 (1944)."
While the termination provision in the proposed contract grants the board of commissioners the authority to terminate the employment of the executive director for the "failure to perform his duties at the sole discretion of two-thirds (2/3) of the board" without further compensation, it would appear to build in a pre-condition that the executive director has not performed his duties. This would not make the executive director an "at will" employee and thus violates the public policy stated above.
In addition, there is concern that requiring two-thirds (2/3) vote of the board to remove the executive director indirectly violates this public policy and undermines the purposes of R.S.42:3. Since the hiring of the executive director is accomplished with the vote of a simple majority of the board, the provision requiring two-thirds (2/3) vote for termination or removal would materially change the "at will" status of the director. If a simple majority vote is required to employ the executive director then a simple majority vote should be sufficient to terminate the agreement.
LSA-R.S. 42:3 provides that: "The term of office of all employees or officials elected by any state, district, parochial or municipal board shall not be for a longer period of time than the term of office of the membership of the board electing them so that each respective board shall elect its own officers and employees." This statute is violated whenever an employment contract is for a term longer than the board members' terms. SeeAndrepont v. Lake Charles Harbor and Terminal District, (La. 1992), 602 So2d 704. If the proposed employment contract does not clearly provide that the executive director *Page 3 
is an "at will" employee subject to termination by a majority of the board, then new members of the board would not have the option of selecting a new director during the employment term. This is precisely the situation R.S. 42:3 is attempting to prevent. No employee should have a term longer than any of the board members for whom he is employed.
Accordingly, it is the opinion of this office that the proposed employment agreement submitted by the Morgan City Harbor 
Terminal District is contrary to law in that the proposed agreement violates public policy by contracting away the right to remove an employee at will, and further violates R.S. 42:3 by offering a employment term longer than some of the members of the board for whom he would be employed.
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________________ RICHARD L. McGIMSEY Assistant Attorney General
CCF/RLM/jav