(102 So. 822)

No. 24546.

### KIRKPATRICK v. CITY OF MONROE.

(Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Pleading** ⟨⇒228—Exception of no cause of action admits all allegations of fact.

Exception of no cause of action admits, for purposes thereof, all allegations of fact, but not of law, in petition.

2. **Municipal corporations** ⟨⇒217(6)—Contract with engineer must end on completion of improvement.

Power of municipality to contract with engineer to plan and supervise construction of improvement, such as waterworks system or electric light plant, may be fairly implied from, or considered as necessary incident of, powers expressly granted, but contract must end on completion of improvement.

3. **Municipal corporations** ⟨⇒217(6)—Engineer's contract to make plans and specifications for public works, for fixed period, held ultra vires.

Engineer's contract with city of Monroe, organized under Commission Form of Government Act (Act No. 207 of 1912), section 20 of which preserves all nonconflicting powers conferred by charter (Act No. 47 of 1900) and amendments, to make plans, specifications, etc., for betterments, extensions, and additions to utilities and public works, for fixed period of four years, *held* ultra vires.

4. **Municipal corporations** ⟨⇒218(1)—City may discharge occasional employees and minor officers at its pleasure.

Council of city of Monroe may employ persons to discharge certain duties as occasion arises, and create and appoint persons to fill minor offices deemed necessary for proper administration of city's affairs, but may discharge such employees, and remove such officers at its pleasure, under Act No. 47 of 1900, § 15, and Act No. 207 of 1912, § 8, respectively.

Appeal from Sixth Judicial District Court, Parish of Ouachita; Fred M. Odom, Judge.

Action by Walter G. Kirkpatrick against the City of Monroe. Judgment for defendant, and plaintiff appeals. Affirmed.

Stubbs, Theus, Grisham & Thompson, of Monroe, and White, Holloman & White, of Alexandria, for appellant.

Harry H. Russell, of Monroe, for appellee.

OVERTON, J. It appears from the allegations of plaintiff's petition and the documents attached thereto that the city of Monroe, the defendant herein, owns and operates the street railway, the electric light and power plant, the waterworks, and all other public improvements of every nature and kind, within its borders. It also appears from said pe-

tition and the documents attached thereto that the city entered into a contract with plaintiff, embodied in an ordinance, which ordinance and contract, in part, reads as follows:

"(1) That, whereas the mayor and council of said city contemplate submitting to the voters and property taxpayers thereof, at the earliest date which to them seems advisable, the proposition to incur bonded indebtedness with the proceeds of which to make extensive improvements, betterments, extensions and additions in the utilities and public works of said city, and whereas the said Walter G. Kirkpatrick has been selected as consulting and supervising engineer to design and furnish plans, specifications, and recommendations as to such proposed improvements, betterments, extensions, and additions, and to supervise and superintend the construction of same when undertaken. Therefore:

"(2) The said engineer hereby, for the consideration hereinafter set forth, and subject to the terms, stipulations, and conditions hereinafter expressed, agrees, binds, and obligates himself to design, prepare, and furnish detailed plans, specifications, and recommendations for all such improvements, extensions, betterments, and additions, hereafter decided upon, and to supervise and superintend the construction of same when undertaken, and the execution of such plans, specifications, and recommendations, and generally to perform and discharge the duties of consulting and supervising engineer with relation to such construction.

"(3) That the said engineer further agrees, binds and obligates himself to design, prepare, and furnish detailed plans, specifications, and recommendations for all improvements, extensions, betterments, or additions to the utilities and public works, or new or additional public works, of said city; proposed or contemplated within four years from this date, and to supervise and superintend the construction of, and generally to perform and discharge the duties of consulting or supervising engineer with relation to such improvements, betterments, extensions, additions in utilities, or new or additional public works or utilities, undertaken within said four-year period, provided that this contract and agreement shall terminate in all of its parts four years from its date, and nothing herein contained shall be construed as binding or obligating either the said city or the said engineer for a longer period.

"(4) That, during said four-year period, or until this contract and agreement is sooner terminated as hereinafter provided, the said engineer shall also perform and discharge the duties legally devolving upon the city engineer of said city, and shall also, if called upon by said city to do so, direct the operation and maintenance of all of the utilities and public works of said city, supervising and directing all employees engaged in the service of such utilities and public works, as well as the purchase of supplies, equipment, and materials for same, and shall also generally aid the mayor and council of said city by advice, investigation, cooperation, and counsel, in the administration of any department of the activities of said city not specifically mentioned herein, whenever by them called upon to do so."

The ordinance, which serves the purpose of a contract as well as of an ordinance, provides that, for the faithful performance and discharge of these services, plaintiff shall receive $40,000, payable in 48 monthly installments of $833.33⅓, beginning June 15, 1919, subject, however, to the following conditions and stipulations, to wit:

"In the event the election called on the proposition to incur bonded indebtedness, referred to in paragraph 1 hereof, results adversely to said proposition, or in the event of the failure to market said bonds if authorized or in any other contingency preventing the city from securing the proceeds of said contemplated bond issue, this contract shall, at the option of the city wholly terminate in all of its parts, without further liability on the part of either of the parties hereto, and the installments of the consideration, paid prior to such termination shall be full compensation for all of the services rendered by the engineer to the date of such termination, and full payment, liquidation and satisfaction of any and all liability on the part of the city to the engineer on account of or growing out of this agreement."

It then appears from the petition that the bonds mentioned in the foregoing ordinance and contract were voted by the taxpayers, and that a part of the public improvements for which they were voted has been planned and constructed, and that other parts are now in course of construction.

It also appears from the allegations of the petition that plaintiff, from June 15, 1919, to September 15, 1920, performed all of the duties which devolved upon him, under said

contract, and demanded in vain that said contract be executed as written, but that, on the latter date, the mayor and council, without just cause, it is contended, discharged him.

Plaintiff, because of his alleged illegal discharge, sues the city for $26,666⅔, with legal interest thereon from judicial demand until paid; this amount, it is alleged, being the balance of the salary or wages which he would have earned had said contract not been breached by the city.

[1] Defendant contends that · if plaintiff should prove all of the facts alleged in his petition, still he could not recover, and has filed, therefore, an exception of no cause of action, the effect' of which is necessarily to admit, for the purposes of the exception, all of the allegations of fact contained in the petition, though not those of law. This exception is based upon various grounds. It is necessary, however, to consider only one of those grounds, and that ground is that the contract is one ultra vires of the municipality.

The city, as appears from the petition, is under the commission form of government; that is to say, it is under the provisions of Act 207 of 1912. This act preserves, to cities adopting it, all of the powers, which they possessed at the time of their organization under it, conferred upon them either by their charter or by law, and not inconsistent or in conflict with the act. Section 20, Act 207 of 1912. The charter of the city of Monroe, at the time the city organized under the act of 1912, was Act 47 of 1900, and the acts amendatory thereof.

[2] The city is not expressly given the power to contract, but, as a municipality possesses, not only such powers as are granted it in express terms, but also such as are necessarily implied from or are incidental to powers expressly granted, or such as are essential to accomplish the declared objects of the corporation, the power of the city to contract may be fairly implied from many of the powers expressly granted it, or be considered as a necessary incident of those powers. See Dillon on Municipal Corporations (5th Ed.) § 237; State v. Miller, 41 La. Ann. 53, 5 So. 258, 7 So. 672.

However, the power to contract may be used only as occasion arises as a means to accomplish the ends which the city is authorized to accomplish. The city is authorized, for instance, to erect for its own needs a system of waterworks. If it should undertake to erect such a system, unquestionably it would have the power to contract with an engineer to plan and supervise the construction of the system. Likewise, it is authorized to erect an electric light plant, and, upon undertaking to do so, it would have power to enter into a contract with an engineer to plan and supervise the construction of the plant. However, this power is such that upon the completion of the improvement the contract must end, for the power is merely an incident to the power to make the improvement.

[3] This is the power to contract, in such and similar instances, which the city of Monroe had at the time of the contract in question, and which, we believe, is that usually possessed by municipalities in like instances. In the case at bar, however, as we have seen, the city, not only contracted with an engineer for a period of four years to make plans, specifications, and recommendations for betterments and extensions in, and additions to, the utilities and public works of the city, binding itself to pay in monthly installments the amount stipulated, without reference to whether, after the voting of the bonds to make the improvements then had in view, the making of some or all of those improvements might or might not be temporarily postponed, or might or might not be completed before the expiration of the period for which the contract of employment was made, but the city went even further, and, in

consideration of the total sum stipulated, contracted with plaintiff to furnish plans and specifications for new or additional public works, not then in view, which might be contemplated or proposed within said period, thus making the confection of plans and specifications enter into the contract, in consideration of the total sum stipulated, which might never be made, because such additional works might never be proposed, contemplated, or undertaken.

The city was not authorized by its charter, or any law of the state, to enter into any such agreement. The power exercised is entirely different from the incidental power to enter into a contract with an engineer to prepare plans and specifications for the construction or betterment of an electric light plant or waterworks system, or similar public improvement, in contemplation of construction, and should not be recognized by the courts, unless granted in express terms or by clear implication.

[4] In so ruling, we are not to be understood as holding that the council may not employ a person to discharge certain duties as occasion for their discharge may from time to time arise, for it may, but it has the right to discharge such employees at pleasure. Section 15 of Act 47 of 1900. Nor are we to be understood as holding that the council may not create such minor offices as it may deem necessary for the proper administration of the affairs of the city, and appoint suitable persons to fill the offices thus created. It may, but such officers are removable at the pleasure of the council. Section 8 of Act 207 of 1912.

For the foregoing reasons, we are of the opinion that the contract is ultra vires, and hence that there can be no recovery.

The judgment appealed from is therefore affirmed, at appellant's costs.

THOMPSON, J., recused.